**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02357-BNB
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

WILLIAM LEE LORNES, also known as
WILLIAM LEE LORNES the III,

Applicant,

v.

DISTRICT ATTERNEY [sic] CHRISTINE A. WASHBURN,

Respondent.

---

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES**

---

Applicant, William Lee Lornes, also known as William Lee Lornes the III, currently is incarcerated at the Denver Van Cise-Simonet Detention Center. The caption of this order has been corrected to include his alias. Mr. Lornes submitted to the Court *pro se* on September 4, 2012, in a legal envelope a number of loose papers, which the Court has attempted to organize on Mr. Lornes' behalf. The papers have been divided into four lawsuits, one of which is the instant action. In this action, Mr. Lornes has submitted the first page of a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 1).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this order. Applicant will be directed to cure the following if he wishes to pursue his claims. Any papers that Applicant files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) __ is not submitted
(2) __ is missing affidavit
(3) __ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) X is missing certificate showing current balance in prison account
(5) __ is missing required financial information
(6) X is missing page two and an original signature by the prisoner
(7) __ is not on proper form (must use the court's current form)
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) __ An original and a copy have not been received by the court. Only an original has been received.
(10) X other: Alternatively, Applicant may pay the $5.00 filing fee.

**Complaint, Petition or Application**:

(11) X is not submitted
(12) __ is not on proper form (must use the court's current form)
(13) __ is missing an original signature by the prisoner
(14) __ is missing page nos. ___
(15) __ uses et al. instead of listing all parties in caption
(16) __ An original and a copy have not been received by the court. Only an original has been received.
(17) __ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) __ names in caption do not match names in text
(19) X other: Applicant must submit either an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, depending upon the claims he intends to assert, but he should not submit both § 2254 and § 2241 applications.

Mr. Lornes has initiated twenty lawsuits in this Court since March 15, 2012. He continues to submit loose papers to the Court, fails to identify adequately whether he wants the papers filed in an existing case or whether he intends to initiate a new case, and expects the Court to make multiple copies of filings intended for more than one case. Applicant's failure to identify his intended filings adequately has placed a burden on the Court to determine in what case or cases they should be filed. This approach is unacceptable. It is Applicant's responsibility to designate where his papers should be filed, and to provide sufficient copies for filing in the cases he designates.

Accordingly, it is

ORDERED that the clerk of the Court add William Lee Lornes the III, the alias for William Lee Lornes, to the docketing records for this case. It is

FURTHER ORDERED that Applicant cure the deficiencies designated above **within thirty days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Applicant shall obtain the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and either an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies **within thirty days from the date of this order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Lornes is prohibited from filing multiple loose documents in one envelope without designating in a clear and concise manner in which case or cases the documents should be filed. It is

FURTHER ORDERED that, if Mr. Lornes intends to initiate a new case, he must write "new case" above the blank line provided for the docket number on the first page of the filings intended for the new case, or on each page of each document if the pages are loose. Whether or not each document is stapled or paper clipped, each page of each document must be numbered in chronological order at the bottom center. It is

FURTHER ORDERED that the necessary documents to initiate a new case, such

as a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, must be sent to the Court in their own mailing envelope. Other documents unrelated to the new case may only be placed in the same envelope if the case or cases in which the unrelated documents are to be filed are clearly designated, with each page of each document numbered in chronological order at the bottom center and with the docket number written at the top right of each page if the pages are loose or on the first page if the pages are stapled or paper clipped together. It is

FURTHER ORDERED that Mr. Lornes is prohibited from writing multiple docket numbers on a purported cover page. If he intends to file a document in more than one case, he must provide the Court with multiple copies of that document, with each page of each document numbered in chronological order at the bottom center and with the docket number written at the top right of each page if the pages are loose or on the first page if the pages are stapled or paper clipped together. It is

FURTHER ORDERED that, in the future, the Court may opt to strike or return to Mr. Lornes unfiled any incomplete papers that do not comply with the these directives.

DATED September 10, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge